# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02828-STV

Kenneth Hansen,

    Plaintiff,

v.

Valor Roofing LLC d/b/a Valor Roof and Solar; Telt Ventures, LLC d/b/a 1 Solar d/b/a One Solar; and Goodleap, LLC,

    Defendants.

---

# DECLARATION OF MATT DAWSON

---

I, Matt Dawson, declare as follows in support of Defendant Goodleap, LLC's ("Goodleap") Motion to Compel Arbitration and Dismiss Proceedings ("Motion"):

    1.    I am employed by Goodleap as the company's Chief Revenue Officer. I am also a co-founder of the company. I am one of the custodians of business records related to loan agreements executed with GoodLeap. I have personal knowledge of the following facts, and if called as a witness, I could and would testify to the following:

    2.    Loan agreements are routinely made and maintained in the regular course of GoodLeap's business. Loan agreements are prepared and sign at the time the borrower consummates the loan. These agreements are executed by borrowers using DocuSign software in accordance with 15 U.S.C. § 7001.

    3.    It is the regular practice of GoodLeap to use DocuSign to electronically and securely generate, send, execute, and retain loan documents.

4. GoodLeap uses DocuSign because its electronic signature and agreement platform is best-in-class, cloud-based, and encrypted, and because it provides a secure digital audit trail.

5. With DocuSign, the sender can keep track of the entire e-signing process in real time – which documents are still out for signature, which have been signed and which have not. For each loan agreement sent on behalf of GoodLeap, DocuSign automatically generates a Certificate of Completion logging the date and time a loan agreement is emailed to, viewed by, and signed by, a borrower, as well as the e-mail and IP address to which the application is sent.

6. For each loan agreement sent on behalf of GoodLeap, DocuSign encloses the agreement in a virtual envelope that is encrypted and assigned a unique envelope ID.

7. DocuSign sends the agreement to a borrower from the email address loandocs@goodleap.com on behalf of GoodLeap.

8. At sending, delivery, and signing, DocuSign confirms that the envelope containing the loan agreement is encrypted and secure.

9. DocuSign allows a borrower to choose a handwriting font for their electronic signature from a list of pre-selected styles. DocuSign also gives a borrower the option to create their own electronic signature or upload a facsimile.

10. For each loan agreement sent on behalf of GoodLeap, once a borrower electronically signs a loan agreement, DocuSign automatically generates an encrypted Certificate of Completion, which is saved on DocuSign's secure servers. In addition, an encrypted copy of the Certificate of Completion is emailed to the borrower and GoodLeap.

11. It is the regular practice of GoodLeap to retain a copy of all Certificates of Completion, including the one generated and sent to Plaintiffs.

12. On July 7, 2021, Plaintiff Kenneth Hansen signed a loan agreement ("Loan Agreement") to finance the purchase and installation of solar panels on Plaintiff's home. A true and correct copy of the Loan Agreement is attached to GoodLeap's Motion as **Exhibit 1**. I countersigned the Loan Agreement on behalf of GoodLeap.

13. In connection with the Loan Agreement, a Certificate of Completion was generated and sent to Plaintiff at kbjzhansen@comcast.net. A true and correct copy of the Certificate of Completion showing Plaintiff's execution of the Loan Agreement is attached to GoodLeap's Motion as **Exhibit 2**. The Certificate of Completion was generated and sent to Plaintiff by DocuSign on behalf of GoodLeap pursuant to the practices discussed above in the ordinary course of business.

14. The Certificate of Completion generated by DocuSign shows that GoodLeap, from its email address loandocs@goodleap.com, e-mailed the Loan Agreement to Plaintiff at his personal email address, kbjzhansen@comcast.net, at 5:05:31 PM on July 7, 2021. Ex. 2.

15. The Certificate of Completion also confirms that Plaintiff opened the Loan Agreement to view it at 6:13:32 PM on July 7, 2021, and signed the document at 6:19:40 PM on July 7, 2021. Ex. 2.

16. After the Loan Agreement is executed, GoodLeap sends a Welcome Letter to its borrowers providing a "Loan Closing Certificate" that provides the general terms of the loan (e.g. total loan amount, loan start date, first payment date, and APR), and TILA disclosure statement showing the borrower's final APR and other terms. Plaintiff was provided with a Welcome Letter in connection with his Loan Agreement, giving him additional notice and detail of his Loan Agreement with GoodLeap.

17. The Loan Agreement also contains Plaintiff's unique information that was provided by Plaintiff to GoodLeap at the time that the Loan Agreement was executed. Specifically, the Loan Agreement includes Plaintiff's bank account information. *See* Ex. 1 at 19. Plaintiff would have had to provide this information as part of his execution of the Loan Agreement; GoodLeap did not have access to this information until it was provided by Plaintiff.

18. Moreover, Paragraph 15 of the Loan Agreement contains an arbitration provision. Ex. 1 at ¶ 15. The arbitration provision includes an ability to opt-out. A borrower may opt out of mandatory arbitration for claims related to the Loan Agreement within 15 days of executing the Agreement if he or she provides written notice to GoodLeap.

19. Plaintiff did not submit written notice of any desire to opt out of the arbitration provision.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of November in Roseville, California.

_____
Matt Dawson