IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02828-PAB-STV

KENNETH HANSEN,

    Plaintiff,

v.

VALOR ROOF AND SOLAR, INC.; TELT VENTURES, LLC; and GOODLEAP, LLC

    Defendants.

---

**DEFENDANT GOODLEAP LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

Defendant GoodLeap, LLC ("GoodLeap") responds to Plaintiff's Amended Complaint by incorporating by reference its prior motion to compel arbitration and renews its motion to dismiss the Amended Complaint.

**I.   INTRODUCTION**

On November 10, 2022, GoodLeap moved to compel arbitration of all claims asserted against it in this Action pursuant to the parties' arbitration agreement and the Federal Arbitration Act ("Motion to Compel"). ECF No. 10. GoodLeap's motion also sought dismissal of this Action. *Id.* On December 15, 2022, Plaintiff filed an unopposed motion to amend the complaint in order to reflect that Valor Roof & Solar, Inc. should be a named defendant and not Valor Roofing, LLC. ECF No. 23. The Court granted the motion, and Plaintiff's Amended Complaint was filed on December 19, 2022. ECF No. 31.

GoodLeap's Motion to Compel is still in the process of being briefed and the Court has

1

yet to rule. In order to comply with GoodLeap's pleading requirements, GoodLeap files this renewed motion to dismiss Plaintiff's Amended Complaint based on GoodLeap's pending Motion to Compel.

## II.   ARGUMENT

GoodLeap's Motion to Compel explains why all of the claims between Plaintiff and GoodLeap are arbitrable, and further explains why the Court should therefore compel the parties to arbitration and dismiss this matter. GoodLeap incorporates by reference the Motion to Compel here.

Where, as here, all of the claims between a plaintiff and defendant are arbitrable, "the majority of federal courts hold that a case may be dismissed, rather than stayed." *American Fam. Mutual Ins. Co. v. Tamko Building Prods. Inc.*, 178 F.Supp.3d 1121, 1129 (D. Colo. 2016) (citing numerous cases). "Although the Tenth Circuit has not addressed this issue directly, it has intimated that a district court may dismiss when all claims are arbitrable and the movant specifically requests dismissal rather than a stay." *Hickey v. Brinker Int'l Payroll Co., L.P.*, No. 13-cv-00951-REB-BNB, 2014 WL 622883, at *5 (D. Colo. Feb. 18, 2014) (citing *Armijo v. Prudential Ins. Co. v. America*, 72 F.3d 793-97 (10th Cir. 1995)).

Courts in this District have followed this commonsense approach and dismissed cases where the parties agreed to arbitrate all claims, and where the movant requests dismissal, "despite the seemingly mandatory language" of 9 U.S.C. § 3 to stay the matter until arbitration is completed. *Condor Energy Technology, LLC v. Baker Hughes Oilfield Operations, Inc.*, No. 16-cv-1912-WJM-CBS, 2016 WL 11744214, at *6 (D. Colo. Nov. 29, 2016); *Turner v. Chipotle Mexican Grill, Inc.*, No. 14-cv-02612-JLK, 2018 WL 11314701, at *6 (D. Colo. Aug. 3, 2018);

*Hickey v. Brinker Int'l Payroll Co., L.P.*, No. 13-cv-00951-REB-BNB, 2014 WL 622883, at *5 (D. Colo. Feb. 18, 2014); *Goodwin v. H.M. Brown & Assocs.*, No. 10-cv-01205-PAB-MEH, 2011 WL 820025 at *5 (D. Colo. March 2, 2011) (ordering arbitration and administratively closing case pursuant to D.C.COLO.LCivR 41.2, with leave to reopen for good cause shown, and eventually dismissed without prejudice). Reviewing authority from other Circuits, these Colorado courts have explained that the rule in 9 U.S.C. § 3 "was not intended to limit dismissal of a case in proper circumstances." *Turner*, 2018 WL 11314701 at *6 (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); citing *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that Section 3 of the FAA does not preclude dismissal when all of plaintiff's claims are barred by an arbitration clause)).

As explained in the Motion to Compel, all of the issues between Plaintiff and GoodLeap are subject to the parties' expansive arbitration agreement. Instead of merely staying this matter, GoodLeap asks the Court to dismiss this case so that the parties may resolve this matter through arbitration as they contractually agreed to do. GoodLeap previously sought this same relief in its Motion to Compel; it renews this same request with respect to the Amended Complaint.[1]

## CONCLUSION

GoodLeap respectfully requests that the Court compel the parties to arbitrate this matter and dismiss the Amended Complaint.

---

[1] GoodLeap's pending Motion to Compel also satisfies its pleading requirements with respect to the Amended Complaint because "[a] defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint . . . " *Lamkin v. Morinda Properties Weight Parcel, LLC*, 440 F. App'x 604, 607–08 (10th Cir. 2011) (citing *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 83, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)).

Dated:  January 3, 2023

Respectfully submitted,

*/s/ Blake A. Gansborg*
Blake A. Gansborg #50585
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 583-9900
Facsimile: (303) 583-9999
Email: blake.gansborg@nelsonmullins.com

*Attorneys for Defendant GoodLeap, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2023, I electronically filed the **MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　 */s/ Blake A. Gansborg*
　　　　　　　　　　　　　　　　　　　　 of Nelson Mullins Riley & Scarborough, LLP