IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02828-PAB-STV

KENNETH HANSEN,

    Plaintiff

v.

VALOR ROOF AND SOLAR, INC.; TELT VENTURES, LLC d/b/a 1 SOLAR d/b/a ONE SOLAR; and GOODLEAP, LLC

    Defendants.

**DEFENDANT GOODLEAP LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

Defendant GoodLeap, LLC ("GoodLeap") files this reply in further support of its Motion to Compel Arbitration and Dismiss Proceedings (ECF No. 10, "Motion") and in response to Plaintiff's opposition (ECF No. 22, "Opposition").

### I.  INTRODUCTION

GoodLeap's Motion provided reliable, admissible evidence demonstrating that the parties electronically executed a contract ("Loan Agreement") that contains a broad arbitration provision governing every aspect of this dispute. Plaintiff's Opposition concedes that if the Court orders the parties to arbitrate, they should arbitrate every aspect of this dispute. (Opp. at 12 ("Plaintiff disputes the making of the arbitration agreement, not the scope.")) Plaintiff also concedes that if the Court orders arbitration, the "appropriate course is to administratively close this case pending arbitration." (Opp. at 20.) However, Plaintiff's Opposition also attempts to introduce new evidence to discredit GoodLeap's corporate records and confuse the issues in this case. Plaintiff also asks

1

the court to hold a jury trial to determine arbitrability, which would eviscerate the primary goal of arbitration to streamline proceedings and reduce costs.

Plaintiff's Opposition fails to overcome GoodLeap's dispositive evidentiary and legal proof that the parties entered into a binding contract calling for arbitration of this dispute. Plaintiff's arguments fail because: 1) GoodLeap's evidence in support of the Motion is both reliable and admissible, and the Court should rely on that evidence to grant the Motion; 2) Plaintiff cannot use self-serving affidavits and inadmissible documents to manufacture a material issue of fact; and 4) Plaintiff has not shown any right to a trial on the contract formation issue.

## II.     ARGUMENT

### A.  GoodLeap Has Shown Sufficient Facts to Establish a Right to Arbitration

Plaintiff claims that GoodLeap cannot prove that he signed the Loan Agreement without affidavits of individuals who witnessed Plaintiff signing the contract, or emails from GoodLeap to Plaintiff delivering a link to the contract. In an age where electronic contracts form a part of everyday life, Plaintiff's argument, if accepted by the Court, could have a devastating impact on the enforceability of countless contracts in Colorado. Contracting parties that want to avoid the responsibilities of their bargain could simply argue that no one saw them electronically sign the contract and so it never happened. As explained below, Plaintiff asks the court to apply evidentiary hurdles to GoodLeap's Motion that are not warranted under Colorado or federal law.

#### 1. The Certificate of Completion Is Admissible, Reliable Evidence

Plaintiff claims that the Court should not consider the DocuSign Certificate of Completion (ECF No. 10-2, "Certificate of Completion") because it is hearsay. Not so. In the Tenth Circuit, a document automatically generated by a computer is not hearsay because there is "neither a

2

'statement' nor a 'declarant' involved here within the meaning of Rule 801." *U.S. v. Hamilton*, 413 F.3d 1138, 1143 (10th Cir. 2005).

Even if the Court considers the Certificate of Completion to be hearsay, Plaintiff attempts to apply a standard to the hearsay exception under Fed. R. Evid. 803(6) that the rule does not require. (Opp. at 15.) Plaintiff claims that the Certificate of Completion does not fall under this hearsay exception because GoodLeap has not demonstrated that the document was "made at or near the time by—or from information transmitted by—someone with knowledge . . . ." Opp. at 15; Fed. R. Evid. 803(6)(A). To the contrary, Matt Dawson's declaration provided this information, based on Mr. Dawson's personal knowledge of the DocuSign process. (ECF No. 10-3.) Mr. Dawson explained that "DocuSign automatically generates an encrypted Certificate of Completion, which is saved on DocuSign's secure servers," and that the certificate is made contemporaneously "once a borrower electronically signs a loan agreement." (*Id.* ¶ 10.) That information is transmitted by the borrower – here, Plaintiff—as someone with knowledge of the agreement.[1]

Other courts have recognized DocuSign documents as valid business records. In *Hendking v. Carvana LLC*, the court admitted the defendant's DocuSign records under Fed. R. Evid. 803(6), holding they were "of evidentiary quality and are not hearsay" based on the defendant's "agent certifying that these business records are kept in the normal course and that it is Carvana's practice to use DocuSign to execute these documents." No. 22-cv-01777, 2022 WL 17100661, at *3 (Nov. 22, 2022) (citing Fed. R. Evid. 803(6)). As another example, a court held that the DocuSign

---

[1] Plaintiff also argues that Rule 803(6) cannot apply because DocuSign is not a party to this case. (Opp. at 14.) This argument bears no relation to the requirements of Rule 803(6) and fails.

3

Certificate of Completion used by GoodLeap was valid and reliable evidence, and excepted under the Connecticut business record exception to the hearsay rule. *Perkins v. 1st Light Energy*, No. AAN-CV21-6045325-S, 2022 WL 17592164, at *4 (Conn. Super. Ct. Dec. 6, 2022) (admitting into evidence "the certificate of completion that DocuSign provides to GoodLeap that has all of the record tracking and signer events as part of the contract that was signed"). As in *Hendking*, GoodLeap's Motion included a declaration from its corporate agent certifying that 1) "[i]t is the regular practice of GoodLeap to retain a copy of all Certificates of Completion, including the one generated and sent to Plaintiffs"; and 2) "[i]t is the regular practice of GoodLeap to use DocuSign to electronically and securely generate, send, execute, and retain loan documents." (ECF No. 10-3, ¶¶ 3, 11.)

Plaintiff also attacks the reliability of the Certificate of Completion under Fed. R. Evid. 803(6)(E). But the evidence Plaintiff relies on to make this argument is itself unreliable and inadmissible. As explained below, Plaintiff's self-serving affidavit describes events that happened months ago and are far less reliable than the Certificate of Completion that is automatically generated contemporaneously with the Loan Agreement. Further, Mrs. Hansen's declaration offers no proof that she was able to alter a certificate of completion other than her own representation that it happened.

Further, Plaintiff's reliance on court filings in other lawsuits is inappropriate and cannot be considered by the Court. *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1099 (9th Cir. 2010) ("[P]leadings are not considered evidence."); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("Plaintiff's citation to a declaration in another case" fails because "the Court cannot take judicial notice of the truth of facts set forth in filings in other cases."). The Court

4

should not consider these unsupported hearsay documents.

### 2. Mr. Dawson's Declaration Is Based on His Review of GoodLeap's Business Records

Plaintiff argues that the Dawson Declaration is not based on personal knowledge because he was not physically present when Plaintiff signed the contract and did not personally send the email to Plaintiff with the DocuSign link. (Opp. at 16-17). Plaintiff's argument attempts to set a standard for Mr. Dawson's personal knowledge that the law does not require. The Court may rely "on a properly admitted affidavit based on the affiant's personal review of . . . records. *Bazan v. Cordova*, 242 Fed.Appx 491, 493 (10th Cir. 2007); *see also Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1123 (10th Cir. 2005) (data submitted with plaintiff's declaration "should not have been excluded on the basis of lack of personal knowledge" because plaintiff/declarant reviewed the records that she described in the declaration).

Here, Mr. Dawson stated in his declaration that he did have personal knowledge of the facts contained in his declaration. (ECF No. 10-3 at ¶ 1.) That personal knowledge was based on his review of the business records that he attached to his declaration, and which form the basis of his statements regarding those documents. Moreover, Plaintiff's argument that Mr. Dawson's declaration is not the "best evidence" because it did not attach the e-mails sent to Plaintiff is unsupported by any legal authority and fails. Mr. Dawson's confirmation that Plaintiff was emailed the Loan Agreement is based on the Certificate of Completion, and based on his understanding that DocuSign automatically generates and sends an email to the borrower on behalf of GoodLeap. (*Id.* at ¶¶ 6-7.)

### B. Plaintiff's Rebuttal Evidence Is Inadmissible and Unreliable

Plaintiff claims that no contract was formed because he never signed the Loan Agreement

5

and that "someone else likely placed his typed name and initials" on the contract. (Opp. 18.) Plaintiff's forgery theory fails to offer any evidence of who made the forgery, how it happened, or why. (Opp. 18-20.) Instead, Plaintiff offers self-serving affidavits from him and his wife that merely confuse the issues and rely on documents from Telt Ventures, LLC ("One Solar") that Plaintiff did not create and for which Plaintiff and his wife have no foundational knowledge.

### 1. The Court Should Disregard Plaintiff's Self-Serving Affidavits

In the context of a motion to compel arbitration, the Court cannot "consider conclusory and self-serving affidavits." *SS White Burs, Inc. v. Guidance Endodontics, LLC*, 789 Fed.Appx. 714, 720 (10th Cir. 2019). The court should treat Plaintiff's and his wife's affidavits no differently than it would when ruling on a motion summary judgment, where the "nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence . . . ." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 111 (10th Cir. 1991)).

Plaintiff's and his wife's affidavits are essentially identical. *Compare* ECF No. 22-1, Kenneth Hansen Aff., *with* ECF No. 22-2, Beth Hansen Aff. Both affidavits make numerous "self-serving" statements and conclusory statements that are not corroborated by any documentary evidence, or any evidence whatsoever beyond one another's identical statements. *See, e.g.* Hansen Aff's ¶¶ 3-4, 9, 12, 16-23, 41-45, 49-50, 55-61. These statements are not supported by any documentary evidence, contradict the valid and admissible evidence submitted with GoodLeap's Motion, and should be disregarded. *SS White Burs, Inc.*, 789 Fed.Appx at 720.

### 2. The Court Should Not Consider Plaintiff's Inadmissible Evidence

The Hansen affidavits draw various conclusions and assert various arguments based on

inadmissible documentary evidence, including the SignRequest Log (ECF No. 22-4) associated with the Purchase & Installation Agreement Plaintiff executed with One Solar (ECF No. 22-3, the "Purchase Agreement"). Because motions to compel arbitration are viewed through essentially the same standard as a motion for summary judgment, the same prohibition against unreliable evidence would apply here. In the Tenth Circuit, "[d]ocumentary evidence for which a proper foundation has not been laid cannot support a summary judgment motion, even if the documents in question are highly probative of a central and essential issue in the case." *In re Harris*, 209 B.R. 990, 996 (B.A.P. 10th Cir. 1997) (quoting 11 James Wm. Moore et al., *Moore's Federal Practice* §§ 56.10[4][c][i] & 56.14 [2][c] (3d ed.1997)).

The Hansens cannot establish the admissibility of the SignRequest Log because they have no personal knowledge of how or when it was created, nor were either of them involved in its creation. To the extent that the Court considers the SignRequest Log hearsay, the Hansens also cannot establish any of the indicia of reliability to establish that the SignRequest Log should be exempt from the hearsay prohibition under Fed. R. Evid. 803(6). The Hansens' affidavits cannot establish foundation for the SignRequest Log, cannot establish a valid exception to the hearsay prohibition, and the Court should not consider this document in evaluating the Motion.

Further, the Court should not accept the representations and conclusions that Plaintiff attempts to draw from his comparison of the SignRequest Log with the DocuSign Certificate of Authenticity. (*See* Opp. at 20, Opp. Facts ¶¶ 37-52.) Plaintiff has no foundational knowledge of the SignRequest Log or the Certificate of Completion, nor has Plaintiff explained how he understands these documents to sufficiently explain their contents.

This is particularly troubling since Plaintiff's analysis ignores the several inconsistencies

7

in his explanation. First, Plaintiff uses IP addresses to draw broad conclusions about the device used to sign the Loan Agreement, yet he chose not to provide the IP addresses for his and his wife's electronic devices. Instead, Plaintiff provides the operating system version for his electronic devices. Plaintiff does not provide any information about his wife's electronic devices, and (unlike an IP address) the operating system for Plaintiff's devices is not a unique identifier.

Second, the SignRequest Log and the Certificate of Completion both show that the senders of both the Purchase Agreement and Loan Agreement used devices with different IP addresses from the device used to add Plaintiff's signature. (*See* ECF Nos. 10-2, 22-4.) They also show that Mr. Wallace countersigned the Purchase Agreement using a device with a different IP address from the device that Plaintiff used to sign. (ECF No. 22-4.) Plaintiff does not offer any explanation for why the IP address associated with his signature is different from all of the IP addresses associated with either GoodLeap or One Solar, nor does he explain why this would not prove that he signed both documents with his personal device.

Third, Plaintiff claims that he did not use his personal devices to sign the Purchase Agreement, and that he did not and could not log onto his email the night of July 7, 2021. (Hansen Aff's ¶¶ 16-19.) Yet the SignRequest Log appears to indicate that, like DocuSign, Plaintiff's signature was "[v]erified by SignRequest" using "[e]mail address verification," and lists the same email address for Plaintiff that is listed on the Certificate of Completion, "kbjzhansen@comcast.net." (ECF No. 22-4.) Plaintiff claims that he did not receive an email from One Solar during this time, Hansen Aff's ¶ 50, despite his admission that he signed the Purchase Agreement. (Compl. ¶ 3; Hansen Aff's ¶ 21.) Plaintiff offers no explanation for how he would

have completed email validation of the Purchase Agreement without using his email.[2]

Plaintiff's use of unauthenticated and inadmissible hearsay evidence merely seeks to confuse these issues, but his theory does not provide any concrete evidence to show that Plaintiff did not sign the Loan Agreement, or that his signature was forged. Nor does Plaintiff offer any explanation for who would have forged his signature and why they would have done that. The much simpler explanation is that Plaintiff was emailed links to sign both the Loan Agreement and Purchase Agreement. Plaintiff logged onto his email, used those links to access the contracts, and then signed the contracts. This explanation is in line with the admissible documentary evidence before the Court.

### C. Plaintiff's Request for a Jury Trial Is Not Warranted

GoodLeap acknowledges that it is within the Court's purview to determine the existence of a valid contract. However, Plaintiff is incorrect that he should have a jury trial on this issue merely by demanding one. *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, (5th Cir. 2002) ("A party to an arbitration agreement cannot obtain a jury trial merely by demanding one.") The Tenth Circuit has acknowledged that a motion to compel arbitration should be treated "similar to summary judgment practice." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012). Where "the parties dispute the existence of an agreement to arbitrate, a court may grant a motion to compel arbitration 'if there are no genuine issues of material fact regarding the parties' agreement." *Id.* (citations omitted). **Only if** the nonmovant "demonstrates a genuine issue of material fact, then a trial on the existence of the arbitration agreement is required." *Terlizzi v.*

---

[2] The Purchase Agreement refers to the "Loan Docs" under Section 4 regarding payment terms. It bears repeating that Plaintiff admits that he executed this contract. (Compl. ¶ 3.)

*Altitude Marketing, Inc.*, No. 16-cv-1712-WJM-STV, 2018 WL 2196090, at * (D. Colo. July 30, 2021) (quoting *Stein v. Burt-Kuni One, LLC*, 396 F.Supp. 2d 1211, 1213 (D. Colo. 2005). This is in line with "the object of [9 U.S.C. § 4 . . . to decide quickly—summarily—the proper venue for the case whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute." *BOSC, Inc. v. Bd. of Cnty. Commissioners of Cnty. of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017) (quoting *Howard v. Ferrellgas Partners*, 748 F.3d 975, 977 (10th Cir. 2014).

For all the reasons explained above, Plaintiff's Opposition is insufficient to raise a material issue of disputed fact as to the validity of the Loan Agreement. To the extent that the Court believes a material issue remains as to the validity of the Loan Agreement, it should allow limited, narrow discovery on the formation of the contract pursuant to GoodLeap's alternative motion for limited discovery filed simultaneously with this reply.

## CONCLUSION

GoodLeap respectfully requests that this Court grant the Motion.

Dated: January 12, 2023                Respectfully submitted,

/s/     *Blake A. Gansborg*
Blake A. Gansborg #50585
Nelson Mullins Riley & Scarborough LLP
Email: blake.gansborg@nelsonmullins.com
*Attorneys for Defendant GoodLeap LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2023, I electronically filed the **REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                         *s/Blake A. Gansborg*
                                         of Nelson Mullins Riley & Scarborough, LLP