# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02828-PAB-STV

KENNETH HANSEN,

       Plaintiff,

  v.

VALOR ROOF AND SOLAR INC., a Colorado Corporation;
TELT VENTURES, LLC a Utah limited liability company; and
GOODLEAP, LLC, a California Limited Liability Company.

       Defendants.

---

## DEFENDANT VALOR ROOF AND SOLAR'S MOTION TO COMPEL ARBITRATION

---

Valor Roof and Solar Inc. ("Valor"), by and through counsel James C. Shanor of Jorgensen, Brownell & Pepin, P.C., moves the Court for an order dismissing Plaintiff's Complaint and compelling arbitration pursuant to Fed. R. Civ. P. 12(b)(1) and 9 U.S.C. § 4, or in the alternative, an order staying the action pending arbitration pursuant to 9 U.S.C. § 3 and states as follows:

## CERTIFICATE OF CONFERRAL

Valor and Plaintiff conferred regarding this motion pursuant to D.C.Colo.LCivR 7.1. Plaintiff opposes this motion.

## INTRODUCTION

Consistent with the motion filed by Telt Ventures, LLC ("1 Solar"), this motion seeks to enforce the arbitration provision contained in the Purchase & Installation Agreement ("Agreement") applicable to the transaction at issue in this case. Based on 1 Solar's motion,

1

Valor submits that the Agreement objectively establishes that Plaintiff's claims should be submitted to arbitration. Plaintiff's claims against Valor should also be submitted to the same arbitration involving 1 Solar. Valor's right to enforce the arbitration provision is based on 1) Valor acting as 1 Solar's sales representative in facilitating and executing the Purchase & Installation Agreement and 2) Valor is an intended third-party beneficiary of the Agreement.

## APPLICABLE LAW

### I. Federal Arbitration Act and Arbitrability

The Federal Arbitration Act (FAA) gives arbitration provisions the same force and effect as any other enforceable contract provisions. 9 U.S.C. § 2; *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 – 14 (2022). The FAA also gives parties who are subject to arbitration agreements the right to petition United States District Courts for an order compelling arbitration of Parties who have refused to arbitrate the claims at issue. 9 U.S.C. § 4.

When contracts contain arbitration provisions, there is a strong presumption of arbitrability "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (Quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 – 83 (1960)). Arbitrability may be limited in cases where the arbitration provision itself includes restrictive language. By contrast, courts broadly construe arbitration clauses that contains language requiring arbitration of disputes "arising under" or "in connection with" the contract. *Sanchez v. Nitro-Lifts Techs., L.L.C.*, 762 F.3d 1139, 1146 – 47 (10th Cir. 2014).

## II. Enforcement of Arbitration Agreements by Non-Parties

While non-parties to contracts are generally not able enforce arbitration provisions contained therein, courts have recognized several exceptions to this rule. One theory by which a non-party may enforce an arbitration agreement is agency. *Seaborn v. Larry H. Miller Mercedes Benz*, 2020 U.S. Dist. LEXIS 58335 at *6 (Citing *Inception Mining, Inc. v. Danzig, Ltd.*, 311 F. Supp. 3d 1265, 1274 (D. Utah 2018)). Another recognized exception that allows a non-party to enforce an arbitration agreement is when the non-party is an intended third-party beneficiary of the agreement. *Genberg v. Porter*, 935 F.Supp. 2d 1094, 1101 (D. Colo. 2013); *See also Newmont U.S.A. Ltd. V. Ins. Co. of N. Am.*, 615 F.3d 1268, 1273, n. 3 (10th Cir. 2010) (Citing *Cody Park Prop. Owners' Ass'n v. Harder*, 251 P.3d 1, 5 (Colo. App. 2009)). "Whether a party is a third-party beneficiary depends on if the parties to the contract intended to benefit the third party . . . Such intent must appear either from the contract itself or from some evidence that the person claiming to be a third-party beneficiary is an intended beneficiary." *Fundamental Admin. Servs., LLC v. Patton*, 504 Fed. Appx. 694, 698 (10th Cir. 2012); *See also Johnson v. SSC Sheridan Operating Co., LLC*, 2020 U.S. Dist. LEXIS 257237 at *14 (A third party can enforce an arbitration agreement when evidence shows the parties to the agreement intended to confer some benefit to the third party through the agreement).

## ARGUMENT

### I. The present case arises out of an agreement with a valid and enforceable arbitration clause that gives the arbitrator jurisdiction to determine arbitrability.

In the present case, the arbitration provision of the Purchase & Installation Agreement underlying this dispute includes broad language that requires arbitration. *See* Purchase and Installation Agreement *attached hereto as* Exhibit 1, p. 3 (Exhibit A, Section 7). As noted above,

courts construe arbitration clause language such as "arising under" to broadly apply to disputes relating to the contract containing such a clause. *Sanchez.*, 762 F.3d at 1146 – 47.

The present dispute arises out of the Purchase & Installation Agreement between 1 Solar and Plaintiff. *See generally* Pl.'s Amended Complaint. The arbitration clause of the Agreement reads, in pertinent part, as follows:

> If any dispute should arise it is agreed that 1Solar and Buyer shall meet first to review and negotiate in a peaceful manner all disputes per terms and conditions of contract. . . If the parties cannot resolve their dispute informally, the dispute shall be determined by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

Exhibit 1, p. 3.

Given that the allegations stated in Plaintiff's Amended Complaint pertain to conduct associated with the Purchase & Installation Agreement, and this agreement's arbitration clause is drafted broadly, the present case is arbitrable.

The arbitration clause also explicitly mandates that arbitration be pursuant to the Construction Industry Arbitration Rules of the AAA. Rule R-9(a) of the Construction Industry Arbitration Rules states that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." *See* Construction Industry Arbitration Rules *attached hereto as* Exhibit 2, p. 18. In other words, the arbitrator has the authority to rule on issues of arbitrability pursuant to the arbitration rules agreed upon by the Parties. As explained further in 1 Solar's Motion to Compel Arbitration, with such arguments incorporated herein, case law permits parties to agree to submit issues of arbitrability to the arbitrator, and such an agreement is binding. *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1280 (10th Cir. 2017).

In sum, Plaintiff's allegations, the arbitration provision itself, and the agreed-upon rules governing arbitration require all issues in the present case, including arbitrability, be submitted to arbitration.

## II. Valor can enforce the arbitration provision of the Purchase & Installation Agreement despite not being a named party to the Agreement.

### *a. Valor's role in facilitating and executing the Purchase & Installation Agreement and principles of agency allow Valor to enforce the Agreement's arbitration clause.*

While Valor acknowledges that it is not a named party to the Purchase & Installation Agreement, Valor can nevertheless enforce the agreement's arbitration provision based on principles of agency. *Inception Mining Inc.*, 311 F. Supp. 3d at 1274. Agency law permits a party to "assume the protection of the contract which the principal has signed." *Seaborn v.*, 2020 U.S. Dist. LEXIS 58335 at *6 (Quoting *Inception Mining, Inc.*, 311 F. Supp. 3d at 1274 - 75).

In *Seaborn*, the Court held that managers and employees being sued individually for conduct occurring within the scope of their employment could compel arbitration despite these employees not being a party to the arbitration agreement. 2020 U.S. Dist. LEXIS 58335 at *6. The Court reasoned that, since the arbitration agreement was binding on the employer and the employees were being sued in the context of their employment, agency principles allowed these employees to compel arbitration. *Id.*; *Compare with Lorber Industries of California v. Los Angeles Printworks Corp.*, 803 F.2d 523, 525 (9th Cir. 1986) (Denying a motion to compel arbitration because the party seeking arbitration produced no evidence that they participated in the sales contract underlying the dispute or that they otherwise maintained an agency relationship with a party to the arbitration agreement).

Here, Plaintiff's own allegations make clear that employees of Valor participated in soliciting and executing the Purchase & Installation Agreement. Specifically, LaRon Wallace, an

employee of Valor, signed the Purchase & Installation Agreement. Ex. 1, p. 2. The present case resembles *Seaborn* because Plaintiff is suing Valor based on its participation in the transaction at issue, which is within the scope of its responsibilities as a sales representative of 1 Solar. *See* Affidavit of Mark Brown *attached hereto as* Exhibit 3. Since 1 Solar authorized Valor to act in this capacity when arranging the transaction at issue, Valor can enforce the arbitration provision under principles of agency.

### b. *In addition to an agency theory, Valor can enforce the arbitration provision of the Purchase & Installation Agreement based on Valor's status as an intended third-party beneficiary to the agreement.*

As explained above, the existence of a third-party beneficiary to a contract depends on whether the contract or the surrounding facts demonstrate an intent to confer some benefit to a third party. *Fundamental Admin. Servs., LLC v. Patton*, 504 Fed. Appx. 694, 698 (10th Cir. 2012); *Johnson v. SSC Sheridan Operating Co., LLC*, 2020 U.S. Dist. LEXIS 257237 at *14.

While the underlying facts are distinct, the present case parallels *Johnson v. SSC Sheridan Operating Co., LLC* where a third party sought to enforce an arbitration provision based on a third-party beneficiary analysis. In *Johnson,* the Court found that the arbitration provision at issue was broadly applicable to disputes arising from the main contract at issue. 2020 U.S. Dist. LEXIS 257237 at *14. The party who compelled arbitration was a company hired by the defendant nursing home to handle dining services, which was the specific aspect of work at issue in the suit. *Id.* Because the suit pertained to work performed by a third-party that was hired by a named party to the relevant contract, and the contract's arbitration provision was broadly applicable to claims arising from stays at the nursing home, the dining services company could compel arbitration. *Id.*

6

Here, Valor is similarly connected with 1 Solar based on Valor's duties to promote the sales of 1 Solar's products in exchange for compensation. Ex. 3. In addition, the present suit focuses on a transaction that all parties acknowledge involved the work of Valor in forming the applicable contract. The Court's reasoning from *Johnson* is therefore applicable to the present case. Since 1 Solar pays Valor for promoting product sales and Plaintiff acknowledges that Valor actively participated in the transaction at issue, all Parties clearly understood and accepted that Valor was an intended third-party beneficiary to the Purchase & Installation Agreement. As such, third-party beneficiary principles allow Valor to enforce the arbitration provision.

## **CONCLUSION**

The allegations contained in Plaintiff's Amended Complaint focus on the terms of a contract with a broadly drafted arbitration provision. Therefore, the present dispute is subject to arbitration. Based on Plaintiff's allegations and evidence demonstrating that Valor acted as selling representative for 1 Solar in arranging the execution of the contract at issue, Valor is entitled to enforce the contract's arbitration provision. For these reasons, the Court should grant Valor's Motion to Compel Arbitration and dismiss the case without prejudice or stay it until arbitration is complete.

Respectfully submitted on January 12, 2022.

                                                Jorgensen, Brownell & Pepin, P.C.
*/s/ James C. Shanor*
James C. Shanor, #49073
*Attorney for Defendant Valor Roof and Solar Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this January 12, 2023, a true and correct copy of the foregoing was e-served on all parties of record.

                                                 */s/ Cory Beers*
                                                 Cory Beers, Paralegal