**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02828-PAB-STV

KENNETH HANSEN,

     Plaintiff

v.

VALOR ROOF AND SOLAR, INC.; TELT VENTURES, LLC d/b/a 1 SOLAR d/b/a ONE SOLAR; and GOODLEAP, LLC,

     Defendants

---

**GOODLEAP LLC'S ALTERNATIVE MOTION FOR LEAVE TO TAKE DISCOVERY TOWARDS ITS MOTION TO COMPEL ARBITRATION**

---

     Defendant GoodLeap, LLC ("GoodLeap") moves in the alternative for leave to take limited discovery on the issue of whether Plaintiff signed the contract between GoodLeap and Plaintiff, and for a stay of the Court's ruling on GoodLeap's pending Motion to Compel Arbirtration (ECF No. 10), in the event that the Court concludes that further evidence is required to establish that the parties executed a binding arbitration agreement.[1]

---

[1] **Certificate of compliance with D.C.Colo.LCivR 7.1(a):** Undersigned counsel conferred with counsel for Plaintiff by email regarding the relief sought in this Motion. Plaintiff's counsel responded that Plaintiff "likely would not oppose if [discovery] is reciprocal and extends to all parties." Undersigned counsel responded that this motion would only relate to the Loan Agreement between GoodLeap and Plaintiff and would therefore not extend to the other parties. Plaintiff's counsel asked additional questions about the Motion and has not given a definitive position as of the time this is being filed. GoodLeap assumes that Plaintiff opposes the Motion but will continue to confer in good faith with Plaintiff. Valor Roof and Solar, Inc. does not oppose the motion. Telt Ventures, LLC has not yet responded to undersigned counsel's conferral email and its position is therefore unknown.

## MOTION

1.      GoodLeap maintains that its Motion to Compel Arbitration and Dismiss Proceedings (ECF No. 10) has established that Plaintiff signed a Loan Agreement with GoodLeap that requires arbitration of this dispute, and that the Court should order the parties to arbitrate and dismiss this case.

2.      To establish that Plaintiff signed the Loan Agreement, GoodLeap has made significant efforts to develop and present evidence that Plaintiff signed the Loan Agreement. GoodLeap has presented a company employee declaration, documentary evidence of the DocuSign audit trail showing when and how Plaintiff executed the Loan Agreement, and the Loan Agreement itself which contains confidential information that only Plaintiff could have provided. *See* ECF No. 10 and exhibits.

3.      In Plaintiff's Opposition to GoodLeap's Motion, (ECF No. 22), Plaintiff argued that he never signed the Loan Agreement and that it was forged. Plaintiff's Opposition attempts to support these arguments with self-serving declarations from himself and his wife that raise numerous factual issues not presented in the Complaint, and which seemingly contradict the documentary evidence submitted with GoodLeap's Motion. Plaintiff's Opposition also attaches documents from Telt Ventures, LLC ("One Solar") that Plaintiff did not create and for which Plaintiff and his wife have no foundational knowledge. In GoodLeap's reply in further support of the Motion, filed simultaneously with the present motion, GoodLeap explains all the reasons why Plaintiff's evidence is unreliable or inadmissible, and why that evidence is insufficient to create an issue of fact that would warrant a summary trial.

4.      In the event, however, that the Court finds that further evidence is necessary to establish that Plaintiff executed the Loan Agreement, and the arbitration agreement contained

within that contract, GoodLeap requests an opportunity to gather that evidence through the taking of narrow and focused written discovery and deposition discovery. That narrow discovery would focus <u>exclusively</u> on the issue of contract formation.

5.      Courts in the Tenth Circuit have acknowledged that "[u]nder the standard of review applicable to motion to compel arbitration, a dispute of material fact might require a hearing and/or discovery." *Evangelical Lutheran Good Samaritan Soc'y v. Telles*, No. 217CV00207MCAGJF, 2017 WL 4417606, at *8 (D.N.M. Sept. 30, 2017) (citing *BOSC, Inc. v. Bd. of Cnty. Commissioners of Cnty. of Bernalillo*, 853 F.3d 1165, 1178 (10th Cir. 2017)); *see also Tennille v. Western Union Co.*, No. 09-cv-00938-MSK-KMT, 2013 WL 6920449, at *1 (D. Colo. Dec. 31, 2013) (noting that "[a]ll discovery in the case was stayed, with the exception of discovery relating to the arbitration issue . . . pending resolution of the Motion to Compel Arbitration.")

6.      Here, GoodLeap's discovery would focus on the narrow and discrete issue of Plaintiff's execution of the Loan Agreement. GoodLeap offers the following summary of the specific categories of discovery that it would employ to show that Plaintiff signed the Loan Agreement:

a.   Plaintiff's Opposition raises various issues around the IP addresses and operating systems for the electronic devices involved in the execution of the Loan Agreement. GoodLeap would ask for written discovery on Plaintiff's electronic devices as they relate to those issues.

b.   Plaintiff's Opposition claims that he never received emails from any of the Defendants during the time when the Loan Agreement was executed, including the email that Plaintiff would have used to link to the Loan Agreement. GoodLeap

would ask for written discovery on the emails that plaintiff sent or received during this time period as they relate to the Loan Agreement.

c. Plaintiff makes numerous assertions disputing the validity of the Loan Agreement in his affidavit, and in the identical affidavit submitted by his wife. (ECF Nos. 22-1, 22-2.) GoodLeap would ask for depositions of both Plaintiff and his wife to review the statements in their affidavits, their recollection of the events surrounding the execution of the Loan Agreement, and the documentary evidence that they refer to in their affidavits.

7.     The Tenth Circuit has admonished that the Federal Arbitration Act "calls for a *summary trial* – not death by discovery." *BOSC, Inc.*, 853 F.3d at 1178 (quoting *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014)). GoodLeap has no interest in conducting expansive discovery in connection with its Motion to Compel Arbitration and intends to conduct discovery on the merits before the arbitrator. To the extent the Court permits limited discovery, GoodLeap would ask for that discovery order to be sufficiently narrow to guide the parties. All of the discovery listed above would aid the Court in its determination that Plaintiff executed the Loan Agreement and should therefore be bound to arbitrate under the contract. This discovery is also designed to be narrow, focused, and efficient, such that the Court can determine the relevant issues in the summary fashion contemplated by the FAA.

## CONCLUSION

WHEREFORE, for good cause shown, Defendant GoodLeap requests in the alternative that the Court grant GoodLeap leave, if the Court deems it necessary, (1) to take a one-hour deposition of Plaintiff and his wife; and (2) to serve the attached written discovery requests immediately. (*See* Ex. A, GoodLeap Discovery Requests.) GoodLeap further requests that the

Court stay its consideration of the Motion (ECF No. 10) while GoodLeap takes the requested discovery, and grant GoodLeap the opportunity to submit a supplemental response to the Motion.

Dated: January 12, 2023.

Respectfully submitted,

/s/ Blake A. Gansborg
Blake A. Gansborg
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO  80202
Telephone:  (303) 583-9900
Facsimile:  (303) 583-9999
Email:   blake.gansborg@nelsonmullins.com

*Attorneys for GoodLeap, LLC*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02828-PAB- STV

Kenneth Hansen,

      Plaintiff,

v.

Valor Roof and Solar Inc.; Telt Ventures, LLC d/b/a 1 Solar d/b/a One Solar; and Goodleap, LLC,

      Defendants.

---

**GOODLEAP LLC'S WRITTEN DISCOVERY TO KENNETH HANSEN**

---

Defendant Goodleap LLC ("Goodleap") propounds the following Interrogatories and Requests for Production of Documents ("Discovery Requests") to Plaintiff Kenneth Hansen, to be answered under oath pursuant to F.R.C.P. 33 and 34 within 30 days after service.

## INSTRUCTIONS

In responding to these discovery requests, furnish all information available to you. If you cannot answer the Discovery Requests in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

If you are unable to produce the requested documents after exercising due diligence to secure the documents, so state, and identify the reason for your inability to produce the documents, the whereabouts of the documents if not in your control or possession, and the means whereby you lost control or possession of the documents. Identify any documents which once did exist if not

now existing and state whatever information or knowledge you have concerning the information contained in those documents.

If a claim of privilege or work product is asserted concerning any information sought or any documents for which identification or production is requested, provide the following:

a.      the date of the document;

b.      its subject matter;

c.      the type of document (e.g., letter, memo, report, minutes and the like);

d.      the identities of all persons who prepared, authored, received, viewed, or has had possession, custody or control of the document since it was created; and

## DEFINITIONS

1.      "Communication" or "communications" means all forms by which information or documents can be transmitted or exchanged between or among persons, including, but not limited to, meetings, conversations, other face-to-face exchanges, letters, memorandums, policy statements, notes, facsimiles, telephone conversations, voicemail messages, electronic messaging systems (such as Instant Messenger or text messaging), electronic mail, notes of any of the foregoing, and the like.

2.      "Document" is used in the broadest sense and is intended to include the original and all drafts and non-identical copies of any writings, printed matter or computer-readable matter of any kind in the possession, custody or control of you or your agents, including but not limited to, all written material, whether typed, handwritten, printed, photocopied or otherwise, drawings, graphs, charts, photographs, phono-records, tape recordings and all transcriptions of such recordings, microfilm, microfiche, tapes, discs, computer readable records or programs and other data compilations from which information can be obtained, translated, if necessary, by you through

detection devices into reasonably usable form.  Without limitation, "document" also includes letters, memoranda, notes, forms, transcripts, statements, recordings, calendars, diaries, file folders, indexes, and any computer-stored files, databases or other electronically stored information.

3.     "Facts" mean all circumstances, events, and evidence pertaining to or touching upon the item in question.

4.      "Identify" or "identity" means, with respect to any statement, document, or communication, to state: the date thereof; the party or parties causing, issuing, or communicating such statement, document, or communication; the parties to whom or in whose presence such statements, documents, or communication were disclosed or attempted to be disclosed; and the form and substance of such statement, document, or communication.

5.     "Identify and describe" with respect to facts, events, acts, or omissions means to clearly and unambiguously detail the facts, events, acts or omissions, or allegations in as much specific detail as possible, including for each fact, event, act, or omission: detailing the individuals with knowledge of each fact, event, act, or omission, including those involved and witnesses; the date, time, and place; a detailed description of related facts and/or events that immediately preceded or followed the events, acts, or omissions in sufficient detail to give a full context to the events, acts, or omissions.

6.     "Loan Agreement" means the signed agreement between Goodleap and You outlining the terms of your loan agreement and attached to Goodleap's Motion to Compel Arbitration [ECF No. 10-1].

7.      "Purchase & Installation Agreement" means the agreement between you and 1Solar for the purchase and installation of the solar system and attached to Your Response to Motion to Compel Arbitration [ECF No. 22-3].

8.      "You" or "Your" refers to Plaintiff Kenneth Hansen, and his representatives, agents, consultants, attorneys or any other individual or entity acting or purporting to act his behalf including his wife Beth Hansen.

9.      "Person" means any natural person or any private business, or governmental entity or association.

10.     "Relating to" or "related to" means bearing upon, concerning, addressing, constituting, defining, describing, containing, embodying, reflecting, identifying, stating, discussing, responding to, referring to, dealing with, generated wholly or partly in response to or because of, or in any way pertaining to the given subject.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all devices owned by You or Your wife capable of sending or receiving email on of July 7, 2021 and provide the IP address and operating system of each device.

**RESPONSE:**

**INTERROGATORY NO. 2:** For all the devices identified in response to Interrogatory Number 1, state whether each device is currently in You or Your wife's possession custody or control.  If a device is no longer in You or Your wife's possession custody or control state the device's location.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify all devices purchased by You or Your wife after July 7, 2021, capable of sending or receiving email and provide the IP address and operating system of each device

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify and describe the document referenced in paragraph 19 of Your affidavit [ECF No. 22-1].

**RESPONSE:**

**INTERROGATORY NO. 5:** Describe the efforts You made to search for the Communications requested in Goodleap's Requests for Production of Documents.

**RESPONSE:**

**INTERROGATORY NO. 6:** State whether You or your wife have deleted any emails from DocuSign, loandocs@goodleap.com, or Goodleap to Kbjzhansen@comcast.net since July 7, 2021.

**INTERROGATORY NO. 7:** Describe the efforts You made to search for the Communications requested in Request for Production Nos. 1.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Produce all Communications sent or received by you, or your wife related to the Loan Agreement.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2**:  Produce all Communications sent or received by you, or your wife related to the Purchase and Sales Agreement.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3**:  Produce all Communications between you or your wife and DocuSign.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4**:  Produce all Communications between you or your wife and SignRequest.


**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**:  Produce the "application" or "other document" identified in paragraph 19 of Your affidavit [ECF No. 22-1].


**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 6**:  Produced any reports from Your email carrier You or Your wife requested regarding emails related to the Loan Agreement or Purchase & Installation Agreement


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7**:  Produce all documents referenced in paragraph 59 of Your affidavit [ECF No. 22-1].


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**:  Produce the test document and certificate of completion referenced in paragraph 61 of Your affidavit [ECF No. 22-1], and any related documents created, used, or received by you in connection with the creation of the test document and certificate of completion.


**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Produce all emails sent from DocuSign,

loandocs@goodleap.com, or Goodleap to Kbjzhansen@comcast.net.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of January 2023, I electronically filed **GOODLEAP LLC'S ALTERNATIVE MOTION FOR LEAVE TO TAKE DISCOVERY TOWARDS ITS MOTION TO COMPEL ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Blake A. Gansborg*
of Nelson Mullins Riley & Scarborough, LLP