IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02828-PAB-STV

KENNETH HANSEN,

    Plaintiff,

v.

VALOR ROOF AND SOLAR, INC.; TELT VENTURES, LLC d/b/a 1 SOLAR d/b/a ONE SOLAR; and GOODLEAP, LLC,

    Defendants.

---

**DEFENDANT GOODLEAP LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS ALTERNATIVE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY TOWARDS ITS MOTION TO COMPEL ARBITRATION**

---

Defendant GoodLeap, LLC ("GoodLeap") files this reply in further support of its Alternative Motion for Leave to Take Discovery Towards its Motion to Compel Arbitration (ECF No. 48, "Alternative Motion") and in response to Plaintiff's response (ECF No. 60, "Response").

## I.    INTRODUCTION

The Alternative Motion is only meant to complement GoodLeap's separate Motion to Compel Arbitration (ECF No. 10). The Motion to Compel Arbitration and GoodLeap's reply brief in further support (ECF No. 46) demonstrates that Plaintiff and GoodLeap entered into a binding arbitration agreement that governs every aspect of this dispute. The Court should refer this matter to arbitration and dismiss GoodLeap from the case. In the event that the Court believes additional evidence is necessary to establish the validity of the arbitration agreement, the Alternative Motion asks this Court to stay the proceedings, including its consideration of GoodLeap's pending Motion

1

to Compel Arbitration, and allow GoodLeap to take narrow, limited discovery focused exclusively on the issue of contract formation.

Plaintiff's Response does not oppose the discovery requested in GoodLeap's Alternative Motion, but argues that it should be conducted alongside other, more comprehensive discovery that would take place under Rule 26. Plaintiff also argues that the Court should not stay its consideration of the Motion to Compel Arbitration until that limited discovery is completed, but should instead move forward with a trial under Section 4 of the Federal Arbitration Act. Plaintiff's arguments attempt to avoid his agreement to resolve any dispute with GoodLeap through arbitration, and make it more difficult and costly for GoodLeap to enforce its arbitration rights.

Despite Plaintiff's contentions to the contrary, there is ample authority supporting the Court's inherent power to control its docket, and that discretion includes limiting and focusing discovery. Every Defendant in this case has filed a motion showing the Court that it has a right to resolve the claims in this case through arbitration based on Plaintiff's binding, written agreements to arbitrate. The Court should not allow Plaintiff to conduct unwarranted and impermissible substantive discovery that would be wholly redundant of the discovery that the parties would inevitably duplicate in the arbitration. Plaintiff's proposal would strip GoodLeap of its contractual right to litigate this case in arbitration, and would violate the core, black letter contract principal to honor the intent of the parties under the contract. *Randall & Blake, Inc. v. Metro Wastewater Reclamation Dist.*, 77 P.3d 804, 806 (Colo. App. 2003) ("A court's duty is to interpret a contract in a manner that effectuates the manifest intention of the parties"; unambiguous contracts "must be enforced as written.").

The Court should honor the parties' agreement and send this case to arbitration. If the Court

believes additional information is necessary to order arbitration, it should temporarily pause its consideration of the Motion to Compel Arbitration and allow <u>only limited discovery</u> to proceed, focused exclusively on the limited issue of contract formation, and not allow any other substantive discovery until the Motion to Compel Arbitration is resolved.

## II. ARGUMENT

### A. The Court Is Authorized to Limit or Stay These Proceedings in Connection with the Motion to Compel Arbitration

Plaintiff argues that there is no legal foundation for the relief requested in GoodLeap's Alternative Motion. Response at 4. To the contrary, courts in the District of Colorado have "inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis v. J.R.'s Country Stores, Inc.* No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Importantly, and as directly relevant here, "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Id.* (citations omitted).

Federal courts in Colorado consider five factors when determining whether a stay on discovery is warranted: (1) "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay"; (2) "the burden on the defendants"; (3) "the convenience to the court"; (4) "the interests of persons not parties to the civil litigation"; and (5) "the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) ("*String Cheese Incident*").

Courts routinely apply the *String Cheese Incident* factors to stay discovery while a motion to compel arbitration is pending. *See Richan v. Ageiss, Inc.*, No. 22-cv-01060-NYW, 2022 WL

3

2643565, at *1-4 (D. Colo. July 7, 2022) (applying *String Cheese Incident* factors to grant stay of all discovery pending the resolution of the defendant's motion to compel arbitration); *Stone v. Vail Resorts Development Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1-4 (D. Colo. Jan. 7, 2010) (same).

As to the first factor, Plaintiff will not be prejudiced by this relief because the Alternative Motion does not request a complete stay of all proceedings. This case would move forward, but focus only on those issues that the Court may wish to resolve in connection with the Motion to Compel Arbitration.

As to the second factor, both Plaintiff and GoodLeap would benefit from the limited stay, and avoid undue burden, because they will avoid needlessly expansive and burdensome discovery on issues that will be relitigated in the arbitration. The difference between conducting discovery in federal court versus arbitration is significant. The Loan Agreement between Plaintiff and GoodLeap calls for arbitration pursuant to the JAMS Streamlined Arbitration Rules & Procedures, attached here as Exhibit A ("Streamlined Rules"). The Streamlined Rules contemplate a fourteen day discovery process involving the "informal exchange" of evidence and listing of relevant parties. Ex. A, Rule 13. The streamlined JAMS process is far less burdensome and complex than the months-long, formal and intensive discovery process contemplated under the Federal Rules of Civil Procedure.

Moreover, the limited discovery requested in the Alternative Motion should be more than adequate to resolve any issues that the Court may hope to clarify in connection with the Motion to Compel Arbitration. Any additional discovery beyond what GoodLeap has requested would be unnecessary and therefore unduly burdensome. All of the Defendants in this case have moved to

compel arbitration of this case, based on two separately executed contracts with expansive arbitration provisions. The parties have already submitted a staggering 118 pages of briefing towards their respective motions to compel arbitration and 319 pages of documentary evidence. The Court should have everything it needs to resolve these motions and order arbitration. If the Court orders additional discovery, it should be narrow and focused exclusively on those issues that relate to the resolution of the Motion to Compel Arbitration. If the Court allows additional discovery beyond those narrow issues, the parties will be forced to engage in duplicative discovery that is far broader and more resource-intensive than the discovery that would take place in the arbitration.

As to the third factor, the court would not experience any inconvenience by issuing a more surgical order that either grants the Motion to Compel Arbitration or only permits the limited discovery necessary to resolve the Motion to Compel Arbitration. In contrast, without this guidance, the Court would be unduly burdened without any perceived benefit, first with resolving the Motion to Compel Arbitration and second with overseeing unnecessary and duplicative discovery that the parties may ultimately need to redo at arbitration.

Factors four and five likewise weigh in favor of granting the narrow relief requested in this Alternative Motion. Plaintiff's counsel has indicated that he may seek to engage in third party discovery to resolve these issues, including a potential subpoena to DocuSign. This is unnecessary and will not aid the Court's analysis. The Court could eliminate this potential burden to third parties by either ordering arbitration based on the parties' prior submissions, or by clarifying whatever limited additional discovery may be necessary to resolve the Motion to Compel Arbitration and preventing extraneous discovery.

### B. The Court Should Not Allow the Broad Discovery Plaintiff Requests

Plaintiff argues that instead of the narrow and focused discovery requested in GoodLeap's Alternative Motion, the parties "should follow Rule 26(d)" and conduct seemingly unlimited discovery "in the timing and sequence they desire." Response at 5. In other words, Plaintiff essentially asks this Court to act as if there is no arbitration agreement at all, and to force the parties to engage in substantive discovery without any limitation. Plaintiff's efforts to litigate this case in its entirety in Federal court runs directly counter to the parties' arbitration agreement and should not be permitted.

Multiple courts of appeal have held that permitting unlimited, substantive discovery pending determination of a motion to arbitrate undermines the very purpose of the arbitration agreement. *E.g., Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649-50 (11th Cir. 1988); *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (holding that to require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes."); *Local 771, I.A.T.S.E. v. RKO General, Inc., WOR Div.*, 546 F.2d 1107, 1113 (2d Cir. 1977) ("[T]he bargained-for purpose of arbitration . . . is the avoidance of litigation and its concomitant costs and delays.").

Plaintiff's request for unlimited discovery would do just that, undermine the purpose of the parties' arbitration agreement, and rob GoodLeap of the streamlined discovery process that it bargained for. *See* Ex. A, Rule 13. Plaintiff's request would also ignore the parties' intent in the Loan Agreement to arbitrate all disputes. Plaintiff's request also asks the Court to ignore its

responsibility to effectuate the intent of the parties under the agreement and enforce those terms as written. *Randall & Blake, Inc.*, 77 P.3d at 806.

Plaintiff's Response does not articulate any burden that he would suffer from the relief requested in the Alternative Motion. Nor could he, because the relief requested in the Alternative Motion presents the most efficient, expedient path forward for the Court to resolve the Motion to Compel Arbitration. The Alternative Motion offers the targeted, narrow additional discovery that would allow the Court to resolve the Motion to Compel Arbitration (only if the Court determines that any additional evidence is needed at all) while balancing the Court's responsibility to honor and enforce the intent of the parties under the Loan Agreement.

## **CONCLUSION**

The Court has sufficient evidence before it to grant GoodLeap's Motion to Compel Arbitration and dismiss this matter. The Court should honor the parties' agreement and send this case to arbitration. If the Court believes additional information is necessary to order arbitration, it should temporarily pause its consideration of the Motion to Compel Arbitration and allow <u>only limited discovery</u> to proceed as outlined in GoodLeap's Motion, focused exclusively on the limited issue of contract formation, and not allow any other substantive discovery until the Motion to Compel Arbitration is resolved.

Dated: February 14, 2023

Respectfully submitted,

*s/ Blake A. Gansborg*
Blake A. Gansborg #50585
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 583-9900
Facsimile: (303) 583-9999
Email: blake.gansborg@nelsonmullins.com

*Attorneys for Defendant GoodLeap LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2023, I electronically filed **DEFENDANT GOODLEAP LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS ALTERNATIVE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY TOWARDS ITS MOTION TO COMPEL ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                             *s/ Blake A. Gansborg*
                                             of Nelson Mullins Riley & Scarborough, LLP