IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2828-PAB-STV

KENNETH HANSEN, an individual,

     Plaintiff,

v.

VALOR ROOF & SOLAR INC., a Colorado corporation;
TELT VENTURES, LLC, a Utah limited liability company; and
GOODLEAP, LLC, a California limited liability company.

     Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

     The scheduling conference is set for February 28, 2023, at 1:30 p.m. and is expected to be attended by the following:

| | |
|---|---|
| Daniel J. Vedra | Kevin McAdam |
| Vedra Law LLC | Holland & Hart LLP |
| 1444 Blake Street | 555 17th Street |
| Denver, Colorado 80202 | Suite 3200 |
| 303-937-6540 | Denver, CO 80201 |
| **Attorney for Name of Party** | (303) 295-8267 |
| | **Attorney for One Solar** |
| Blake Gansborg | James C. Shanor |
| Nelson Mullins Riley & Scarborough LLP | Jorgensen, Brownell & Pepin, P.C. |

1400 Wewatta Street, Suite 500
Denver, CO 80202
303-583-9914
**Attorney for GoodLeap LLC**

3461 Ringsby Court, Suite 350
Denver, CO 80216
303-678-0560
**Attorney for Valor Roof and Solar Inc.**

## 2. STATEMENT OF JURISDICTION

Plaintiff:  Mr. Hansen submits that the only claims for which subject matter jurisdiction is proper is Plaintiff's claim under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*  Subject matter jurisdiction is proper under 28 U.S.C. § 1331, generally, and 15 U.S.C. § 1693 and 15 U.S.C. § 1640(e), respectively.

Defendants:  As stated more fully in GoodLeap's Notice of Remove (Dkt. No. 1), Defendants submit that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the civil action arises under federal law, specifically the Truth in Lending Act (TILA) and Electronic Fund Transfer Act (EFTA). Although not stated as causes of action, Plaintiff also brings claims alleging violations of the several Federal Trade Commission rules promulgated under the Federal Trade Commission Act. Finally, the Court also has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.    **Plaintiff:**  Mr. Hansen brought this action in state court to obtain redress for the fraudulent and deceptive sale of a residential solar system.  When two representatives of Defendant Valor Roof & Solar, Inc. ("Valor"), acting as a sales agent for Defendant Telt Ventures, LLC d/b/a One Solar ("One Solar") came to Plaintiff's home to discuss selling the system to Mr. Hansen, they deceptively and fraudulently obtained Mr. Hansen's signature on a sales contracting by misrepresenting to Mr. Hansen that he was merely applying for a system.  Unknown to Mr. Hansen, his typewritten signature was then placed on a finance agreement with GoodLeap, LLC ("GoodLeap").

In the course of this sales process, none of the defendants properly notified Mr. Hansen of his rights to rescind the alleged contracts.  The defendants also concealed a finance charge, believe to be 28.99%, that GoodLeap requires solar companies like Valor and One Solar to pay to GoodLeap to finance the installation.  This undisclosed finance charge is added to the price of the installation and passed along to the consumer without being specifically disclosed to the consumer.  Moreover, GoodLeap fails to comply with the FTC Holder rule disclosing that GoodLeap is subject to all the same claims and defenses as the credit sellers, Valor and One Solar.  To add insult to injury, GoodLeap continued to process debits from Mr. Hansen's bank account after receiving a stop

2

payment order.

The foregoing actions violate multiple federal and state consumer protection laws. First, the failure to notify Mr. Hansen of his right to rescind the door-to-door sale violated the Colorado Uniform Consumer Credit Code, C.R.S. § 5-3-403. Additionally, this failure was a deceptive trade practice under the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-105(1)(kkk). Second, defendants violated the CCPA by misrepresenting to Mr. Hansen that he was applying for a solar system when they deceived him into signing a contract to purchase solar. Third, One Solar failure to include a compliant FTC Holder Rule notice in the purchase agreement violates the CCPA, and GoodLeap may also be held liable for this failure. Fourth, GoodLeap deceptively changed its ACH processing name to continue to debit Mr. Hansen's bank account after receiving a stop payment order, in violation of the CCPA and the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* Fifth, GoodLeap violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, by concealing an finance charge in an amount believed to be $15,898.59. Last, to the extent that any of the agreements allegedly signed by him are enforceable, Plaintiff properly canceled those agreements and neither Valor nor One Solar properly retrieved the merchandise sold under those agreements, entitling Plaintiff to retain the goods without any obligation to pay. C.R.S. § 5-3-403(3).

But defendants do not want these claims to be heard in this Court. Instead, they have each elected to file motions to compel arbitration. Mr. Hansen has disputed that contracts containing the arbitration clauses are valid because the contracts are either void for fraud in the execution (One Solar) or not signed by Mr. Hansen (GoodLeap). Whether either agreement is effective and binding is subject to disputed issues of material fact and Mr. Hansen is entitled to a summary trial under 9 U.S.C. § 4.

**b. Defendants:**

**One Solar's Counterclaims:** One Solar plans to bring counterclaims for (1) breach of contract, (2) conversion, and (3) unjust enrichment.

Under the Purchase & Installation Agreement, Plaintiff agreed to purchase a solar system for $54,841.60, which One Solar would provide and install. As part of those negotiations, Valor, acting as One Solar's agent, had a copy of the Purchase & Installation Agreement sent to Plaintiff's personal email address for his review. One Solar did not require Plaintiff to sign the Purchase & Installation Agreement within a specific time period. Plaintiff ultimately did sign the agreement after being provided with a reasonable opportunity to review it, creating a valid and enforceable agreement.

Living up to its end of the bargain, One Solar installed the solar system between August and October 2021. Although One Solar was initially paid by GoodLeap pursuant to the

Loan Agreement between GoodLeap and Plaintiff, Plaintiff only paid GoodLeap $588.36 before he stopped all future payments. Plaintiff then refused to sign the net metering application or complete the process of commissioning the solar system. Because Plaintiff refused to finalize commission of the solar system, GoodLeap charged One Solar the full amount of the loan, which One Solar paid. Accordingly, One Solar has not received the benefit of its bargain with Plaintiff. Alternatively, Plaintiff has been unjustly enriched by receiving the solar system without paying for it.

Moreover, the Purchase & Installation Agreement stipulates that Plaintiff could only cancel the contract within 3 business days of the date the agreement was executed, July 7, 2021. (Purchase & Installation Agreement § VII.) Plaintiff did not inform One Solar that he wished to cancel the agreement within that time period. Yet Plaintiff now claims he is entitled to keep the solar system, without paying for it, in violation of the terms of the Agreement.

**One Solar's Defenses:**

To the extent the Purchase & Installation Agreement failed to comply with any state or federal requirements, and to the extent Plaintiff may enforce various Federal Trade Commission Rules promulgated under the Federal Trade Commission Act, these violations were technical in nature and caused Plaintiff no actual harm.

Plaintiff also fails to state a claim for Count II and Count IV. Count II alleges One Solar violated the Colorado Consumer Protection Act (CCPA) because the Purchase & Installation Agreement allegedly violated the Federal Trade Commission Act's Cooling-Off Rule. However, the Federal Trade Commission Act does not convey a private right of action. Similarly, Count IV alleges the Purchase & Installation Agreement failed to comply with the FTC's Holder Rule. In short, Counts II and IV fail to state a claim because they seek to enforce the Federal Trade Commission Act through a private right of action when only the FTC may enforce the Act. Plaintiff also likely failed to state a claim as to other counts and/or will not prove the elements of his claims.

One Solar generally denies all allegations against it in Plaintiff's Amended Complaint. It intends to disprove them either at arbitration or in this litigation. One Solar reserves its right to assert all appropriate defenses, affirmative defenses, cross-claims and counterclaims at the time of filing its Answer. Further, One Solar's investigation is on-going, and, thus, it expressly reserves the right to supplement and/or amend its defenses as fact discovery is completed and experts are identified.

To the extent Plaintiff eventually prevails on any claim against One Solar, it is entitled to indemnification from Valor under the contract between Valor and One Solar.

Finally, this dispute is subject to arbitration under the AAA Construction Rules pursuant to the binding arbitration provision in the Purchase & Installation Agreement. (Purchase & Installation Agreement, Exhibit A § 7.)

**Valor Roof and Solar Inc.:**

Defendant Valor Roof and Solar Inc., through its employee, facilitated the sale of the residential solar system at issue. However, Valor denies Plaintiff's allegations concerning fraud in the factum.

Valor's sales procedure is for the employee to obtain basic personal information from the prospective purchaser. Valor employees then input the information into their tablets to see if the purchaser qualifies for the necessary financing. If the purchaser qualifies, Valor then sends the purchase and installation agreement via email for the purchaser to review and sign as they please.

Mark Brown, a shareholder of Valor, and Laron Wallace, the former employee who facilitated the specific sale at issue in this case, have provided signed declarations regarding this procedure and that it was followed in the sale to Plaintiff. Furthermore, electronic signing logs verify that Plaintiff signed the Purchase & Installation Agreement for the solar system after receiving the Agreement via email. The Agreement sent to Plaintiff via email included explicit provisions concerning cancellation procedure as well as an arbitration clause mandating use of the Construction Industry Arbitration Rules of the AAA.

Given that Plaintiff had opportunity to review the Agreement and the above noted provisions before signing, evidence contradicts Plaintiff's argument that the Agreement is void for fraud in the factum. These facts in turn preclude Plaintiff's claims against Valor for violation of the UCCC and the CCPA.

Plaintiff has also pled an additional CCPA claim against Valor for allegedly misrepresenting the finance charges and the amount of the federal tax incentive associated with the purchase of the solar system. Valor denies the factual allegations underlying this claim and that it is in any way liable under the CCPA.

Currently the Parties are in dispute regarding the arbitrability of the present matter. As such, Defendant Valor has yet to file an Answer and Affirmative Defenses in response to Plaintiff's Complaint. Valor reserves its right to assert all appropriate defenses and affirmative defenses at the time of filing its Answer.

**GoodLeap:**

Plaintiff purchased a solar panel array for his home through Defendants One Solar and Valor on July 7, 2021. As part of that purchase, Plaintiff executed a contract with One Solar for the purchase of the solar system, and a separate financing agreement with GoodLeap to finance that purchase (the "Loan Agreement").

GoodLeap plans to bring counterclaims against Plaintiff based on Plaintiff's failure and refusal to perform his payment obligations under the Loan Agreement despite receiving the full benefit of that bargain. Based on Plaintiff's representations and promises under the Loan Agreement, GoodLeap loaned Plaintiff $54,841.60 for the purchase of a solar system that One Solar would supply and install. Plaintiff made two payments under the Loan Agreement, totaling $588.36, before stopping all payments to GoodLeap. Plaintiff then proceeded to bring this lawsuit against GoodLeap, further breaching the Loan Agreement by disregarding its arbitration requirements and causing GoodLeap to incur further harm and expenses. GoodLeap is owed damages based on Plaintiff's breach of the Loan Agreement, including return of its principal, any interest or fees owing under the Loan Agreement, and any other fees and costs that GoodLeap is entitled to recover pursuant to the contract and under applicable law.

GoodLeap denies that it has any liability to Plaintiff and denies that Plaintiff is entitled to any recovery from GoodLeap. In support of GoodLeap's position, GoodLeap asserts, among other things, that Plaintiff has not been damaged by any of GoodLeap's alleged conduct or practices. Plaintiff further acknowledges that its causes of action against GoodLeap in Counts 1, 2, 3, and 4 are based only on the alleged conduct of One Solar and Valor, not GoodLeap. GoodLeap further asserts that it was entitled to take any alleged action pursuant to its rights under the Loan Agreement, and that any alleged action taken by GoodLeap was in compliance with state and federal law.

To the extent Plaintiff eventually prevails on any claim against GoodLeap, GoodLeap is entitled to indemnification from One Solar under the contract between GoodLeap and One Solar.

As explained in GoodLeap's pending Motion to Compel Arbitration and Dismiss (ECF No. 10) Plaintiff should be compelled to arbitrate all claims he is pursuing in this action and his Amended Complaint should be dismissed. GoodLeap further denies all allegations asserted against it in the Amended Complaint and would intend to disprove Plaintiff's claims at arbitration. Because the Parties are in dispute regarding the arbitrability of the present matter, GoodLeap has yet to file a pleading in response to the Amended Complaint. GoodLeap reserves its right to assert all appropriate defenses, affirmative defenses, cross-claims and counterclaims at the time of filing its Answer. Further, GoodLeap's investigation is on-going, and GoodLeap expressly reserves the

right to supplement and/or amend its defenses as fact discovery is completed and experts are identified.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.  At all relevant times, Plaintiff and his wife resided at 5862 S Logan Ct, Centennial, Colorado 80121 (the "Residence").
2.  Plaintiff's email address is Kbjzhansen@comcast.net.
3.  On July 7, 2021, Valor employee LaRon Wallace spoke to Plaintiff about purchasing a solar system for the Residence.
4.  On July 7, 2021, Plaintiff signed the Purchase & Installation Agreement.
5.  Defendant One Solar installed the solar system at the Residence in the fall 2021.
6.  The solar system is currently installed, but not operational, at the Residence.
7.  Plaintiff paid Goodleap $588.36 before he stopped all future payments.
8.  To-date, the total Plaintiff has paid Goodleap pursuant to the Loan Agreement is $588.36.

## 5. COMPUTATION OF DAMAGES

Plaintiff:

Count 1: Violation of the UCCC.  Mr. Hansen is entitled to damages in the form of a refund of all payments made on the alleged account [in the amount of $\_\_\_$], a penalty equal to ten times the amount of the excess finance charge of $39,562.92 ($15,898.50 concealed finance charge plus $23,664.33 itemized finance charge) pursuant to C.R.S. § 5-5-201(3), together with attorney fees and costs pursuant to C.R.S. § 5-5-201(7).

Count 2: Violations of CCPA (Home Solicitation Sales).  Mr. Hansen is entitled to the greater of his actual damages or $500.00, trebled for willfulness, together with reasonable attorney fees and costs.  Mr. Hansen's actual damages consist of the total of payments under the alleged finance agreement of $78,505.93.

Count 3: Violations of CCPA (Misrepresentations in Sale of Solar System).  Mr. Hansen is entitled to the greater of his actual damages or $500.00, trebled for willfulness, together

with reasonable attorney fees and costs. Mr. Hansen's damages consist of the misrepresented federal tax credit of $14,258.82 and misrepresented finance charges in the amount of $15,898.50. Mr. Hansen also seeks damages in the form of the inflated cost of the system estimated to be $28,601.60, the difference between the amount charged and the amount Valor submitted on the construction permit. Additionally, Mr. Hansen intends to seek damages for emotional distress, which are not of the type capable of itemization.

Count 4: Violations of CCPA (Failure to Disclose Holder Rule). Mr. Hansen is entitled to the greater of his actual damages or $500.00, trebled for willfulness, together with reasonable attorney fees and costs. Mr. Hansen believes his damages for this claim may be limited to statutory damages.

Count 5: Violations of CCPA (Misrepresentation of ACH Processing Name). Mr. Hansen is entitled to the greater of his actual damages or $500.00, trebled for willfulness, together with reasonable attorney fees and costs. Mr. Hansen's actual damages consist of emotional distress damages, which are not of the type capable of itemization.

Count 6: Violations of CCPA (Undisclosed Finance Charge). Mr. Hansen is entitled to the greater of his actual damages or $500.00, trebled for willfulness, together with reasonable attorney fees and costs. Mr. Hansen's actual damages consist of the undisclosed finance charges in the amount of $15,898.50.

Count 7: Violations of TILA. Mr. Hansen is entitled to his actual damages and statutory damages of $4,000.00, together with reasonable attorney fees and costs. Mr. Hansen's actual damages consist of the misrepresented finance charges in the amount of $15,898.50.

Count 8: Violations of EFTA. Mr. Hansen is entitled to statutory damages of $1,000.00, together with reasonable attorney fees and costs.

Defendants' Joint Response to Plaintiff's Computation of Damages:

Plaintiff paid $588.36 to Goodleap pursuant to the Loan Agreement before he stopped all future payments. Plaintiff has not made any other payments to any Defendant. Should Plaintiff make any further payments under any agreement relevant to this dispute, those payments would only occur should Plaintiff's lawsuit be unsuccessful and, thus, the payments are lawful obligations, not damages. Defendants generally dispute that they separately or collectively violated the various statutes that underlie Plaintiff's claims. As such, no statutory damages are proper.

One Solar's Computation of Damages:

One Solar seeks damages in an amount to be proven at trial or arbitration. One Solar's damages can be broken down into the following categories: (1) approximately $54,841.60 in damages from Plaintiff's breach of the Purchase & Installation Agreement and the Loan Agreement or (2) alternatively, the fair market value of the solar system under an unjust enrichment theory as Plaintiff improperly retained the solar system without paying for it, and/or (3) the value of the solar system plus interest from the date of Plaintiff's improper possession under a conversion theory. One Solar also seeks attorney fees as contemplated by the Purchase & Installation Agreement. Finally, One Solar seeks pre- and post-judgment interest on all amounts to the full extent permitted by applicable law.

Valor Roof and Solar Inc:

Valor reserves the right to pursue attorneys' fees and costs incurred in this action.

GoodLeap's Computation of Damages:

GoodLeap seeks damages in an amount to be proven at trial or arbitration. GoodLeap's damages include the full value of the amount loaned to Plaintiff under the Loan Agreement, $54,841.60, plus any applicable interest and fees that would accrue pursuant to the terms of the Loan Agreement. GoodLeap also seeks attorneys' fees and costs to the full extent permitted under its contract with Plaintiff and applicable law. GoodLeap also seeks pre- and post-judgment interest on all amounts to the full extent permitted by applicable law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a. Date of Rule 26(f) meeting.

February 6, 2023.

    b. Names of each participant and party he/she represented.

Daniel J. Vedra                     Kevin McAdam
Attorney for Plaintiff               Adrianne Rosenbluth
                                 Attorneys for Defendant One Solar

Blake Gansborg                          James Shanor
Attorney for GoodLeap                   Attorney for Valor Roof and Solar Inc.

    c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff:  Mr. Hansen will make Rule 26(a)(1) disclosures on February 21, 2023.

Defendants:  Goodleap currently has pending its Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel. (Dkt. No. 48.) One Solar is filing a motion to stay discovery or, in the alternative, conduct limited discovery as to contract formation only, which Valor plans to join. Defendants plan to comply with the Court's orders regarding those motions.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

    d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

Plaintiff: The deadline for Rule 26(a)(1) disclosures fell on President's Day and Plaintiff made his disclosures the following day.

Defendants:  To be determined following the Court's ruling on Goodleap's pending Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel, (Dkt. No. 48), and One Solar's motion to stay discovery or, in the alternative, conduct limited discovery as to contract formation only.

    e.  Statement concerning any agreements to conduct informal discovery:

Plaintiff:  Mr. Hansen submits that it is appropriate for the parties to coordinate and discuss the disclosure of relevant information that impacts the parties' relevant positions on the pending motions to compel arbitration.  Plaintiff anticipates convening a conference among the parties after receiving initial disclosures to discuss relevant documentation that has or has not been produced to limit the need for formal discovery.

One Solar:  None.

Valor Roof and Solar: None.

GoodLeap: None.

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

      f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to meet and confer to pursue opportunities to reduce discovery and other litigation costs. The parties further agree to streamline discovery as appropriate, including attempting to resolve discovery disputes by phone before exchanging conferral letters. The parties also agree to electronic service of discovery requests and responses. Finally, the parties agree that all deposition exhibits should be consecutively numbered beginning with Deposition Exhibit 1, Deposition Exhibit 2, etc.

Defendants:  Discovery should be stayed or, in the alternative, limited only to the issue of contract formation until the Court has ruled on the pending Motions to Compel Arbitration (Dkt. Nos. 10, 40, 41.) This will avoid the possibility of the parties having to engage in duplicative discovery in both federal court and arbitration as well as avail the parties of the streamlined discovery procedures available in arbitration, should the Court grant the motions.

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case. Non-prisoner pro se parties are reminded that e-filing is available as one means to reduce expenses – see the Electronic Case Filing page of the Court's website.]*

      g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff:  Mr. Hansen believes that the case will require the production of some electronically stored information, particularly in the form of e-mails.  Although Mr. Hansen does not believe that file level metadata should be produced at this time, such information

should be preserved with each party maintaining the right to request file level metadata upon request.  All electronically stored files should be produced in multipage PDF format, to the extent a document consists of more than one page.

One Solar:  One Solar maintains that most discovery in this case will involve electronically maintained records. The parties will meet and confer to develop a joint protocol for the exchange and production of electronically stored information should this litigation remain in federal court. The parties, shall, whenever practical, produce electronic copies of documents rather than paper copies.

Further, should this litigation remain in federal court, the parties agree to be governed by the Federal Rules of Civil Procedure 26(b)(5)(B) with respect to claims of privilege and Federal Rule of Evidence 502(d) with respect to inadvertent production of privileged materials. By this proposed order, the parties request that the Court hereby order protection against waiver of privilege by inadvertent production to the fullest extent consistent with Federal Rule of Evidence 502(d).

Valor Roof and Solar Inc: Valor agrees with One Solar's analysis above.

GoodLeap: GoodLeap agrees with One Solar's analysis above.

*[In such cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial-preparation materials after production of computer-generated records. Counsel should refer to the court's Electronic Discovery Guidelines and Checklist, available on the court's website HERE, and should describe any proposals or agreements regarding electronic discovery made at the Rule 26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

       h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff: Mr. Hansen believes that this case is appropriate for an early settlement through informal discussion, through a settlement conference with a magistrate, or through private mediation. Mr. Hansen has committed to providing a settlement demand to defendants though has been unable to do so due to the press of other business and the multiple motions to compel arbitration.

One Solar: One Solar cannot form an opinion regarding the possibility or likelihood of settlement without receiving any demand from Plaintiff, or a complete computation of Plaintiff's damages.

Valor Roof and Solar Inc: Some settlement discussion has occurred. Upon clarifying the scope of Plaintiff's claimed damages, the parties can engage in settlement discussion. At this time, the prospect of settlement is unknown.

GoodLeap: GoodLeap is unable to assess the possibility of settlement without receiving a settlement demand from Plaintiff, or a complete computation of Plaintiff's alleged damages.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

## 7. CONSENT

*[Pursuant to D.C.COLO.LCivR 40.1(c) and 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court- approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*

*[Indicate below the parties' consent choice. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will conduct all proceedings related to the case.]*

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

Plaintiff: Mr. Hansen submits that discovery can and should commence immediately and be limited specifically to the topic of contract formation and enforcement.  Mr. Hansen further submits that if discovery is limited to issues of contract formation only, and the motions to compel arbitration are denied, then the parties should meet and confer regarding a modified scheduling order to permit discovery on the merits of Mr. Hansen's claims, and any discovery taken prior to denial of the motions to compel arbitration will be without prejudice to Mr. Hansen's right to take further discovery, including depositions of parties or individuals already taken.

Defendants:  Defendants submit that discovery should be stayed until the Court has ruled on the pending motions to compel arbitration or, in the alternative, the Court should permit limited discovery only as to contract formation. So doing will ensure the parties avoid needlessly expansive and burdensome discovery on issues that may be relitigated in arbitration.

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Plaintiff:  None.

One Solar:  None.

Valor Roof and Solar: None.

GoodLeap: This case should be litigated in the arbitral forum that Plaintiff and GoodLeap bargained for under the Loan Agreement. To the extent the Court permits any interrogatories or depositions, they should be limited pursuant to the narrow discovery requested in GoodLeap's Alternative Motion for Leave to Take Discovery Towards its Motion to Compel Arbitration (ECF No. 48).

a.   Limitations which any party proposes on the length of depositions.

Plaintiff: None.

One Solar:  None.

Valor Roof and Solar: None.

GoodLeap: This case should be litigated in the arbitral forum that Plaintiff and GoodLeap bargained for under the Loan Agreement. To the extent the Court permits any depositions, they should be limited pursuant to the narrow discovery requested in GoodLeap's Alternative Motion for Leave to Take Discovery Towards its Motion to Compel Arbitration (ECF No. 48).

      c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

Plaintiff: None.

One Solar: None.

Valor Roof and Solar: None.

GoodLeap: This case should be litigated in the arbitral forum that Plaintiff and GoodLeap bargained for under the Loan Agreement. To the extent the Court permits any requests for production or requests for admission, they should be limited pursuant to the narrow discovery requested in GoodLeap's Alternative Motion for Leave to Take Discovery Towards its Motion to Compel Arbitration (ECF No. 48).

      d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Plaintiff: May 27, 2023.

One Solar:  This deadline will depend on when and how the Court rules on Defendants' various Motions to Compel Arbitration (Dkt. Nos. 10, 41, and 47) and, if necessary, Goodleap's Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel Arbitration (Dkt. No. 48) and One Solar's Motion to Stay Discovery or, In the Alternative, Permit Limited Discovery Only as to Contract Formation.

Valor Roof and Solar: Valor agrees with One Solar's analysis above.

GoodLeap: GoodLeap agrees with One Solar's analysis above.

*[The parties are expected to serve interrogatories, requests for production and/or*

*requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

      e.    Other Planning or Discovery Orders

The parties agree on the need for entry of a protective order and agree to use Judge Varholak's form protective order.

OBJECTIONS TO DISCOVERY REQUESTS:

      Mr. Hansen seeks the defendants to agree that there will be no general objections included in discovery responses for three important reasons: 1. It makes it unclear whether or not the "general objection" applies to any specific request and the rules require specific objections, *e.g.*, Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication by including general objections as to whether or not any information is actually being withheld based on the objection; 3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore a general objection on these grounds is not appropriate.

      Mr. Hansen also seeks the Defendant to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the viability of the objection.

One Solar: One Solar agrees with Plaintiff's suggested proposals.

Valor Roof and Solar: No objection.

GoodLeap: GoodLeap agrees with Plaintiff's proposed limitations on general and specific written objections.

PROTECTIVE ORDERS:

      Mr. Hansen seeks the defendants to submit forthwith a proposed protective order to the extent defendants believe one is necessary in this case. The proposed protective

order should be in the form approved by Magistrate Judge Varholak's form blanket protective order published on the Court's website.

One Solar:  One Solar has no objection.

Valor Roof and Solar: No objection.

GoodLeap: GoodLeap agrees that the Parties would need to enter a protective order in this case prior to exchanging any documents. GoodLeap has no objection to using a protective order substantially in the form approved by Magistrate Judge Varholak's form blanket protective order.

## 9.  CASE PLAN AND SCHEDULE

One Solar:  It is One Solar's position that case deadlines cannot be set until the Court rules on Defendants' Motions to Compel Arbitration (Dkt. Nos. 10, 41, and 47) and, if necessary, Goodleap's Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel Arbitration (Dkt. No. 48) and One Solar's Motion to Stay Discovery or, In the Alternative, Permit Limited Discovery Only as to Contract Formation.

Valor Roof and Solar: Valor agrees with One Solar's analysis above.

GoodLeap: GoodLeap takes the same position as the other Defendants.

   a.    Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiff: April 14, 2023

   b.    Discovery Cut-off:

Plaintiff: August 25, 2023

   c.    Dispositive Motion Deadline:

Plaintiff:  Not applicable due to motions to compel arbitration.

      d.    Expert Witness Disclosure

         1.    The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:  Mr. Hansen anticipates designating an expert in the use, creation, and validation of electronic agreements.  Plaintiff submits that all other experts should be designated after the resolution of the pending motions to compel arbitration.

One Solar:  One also anticipates designating an expert use, creation, and validation of electronic agreements. One Solar agrees that all other experts should be designated after the resolution of the pending motions to compel.

Valor Roof and Solar: Valor may designate an expert pertaining to electronic agreements as detailed above. Valor may also designate an expert relating to tax benefits associated with purchasing a solar system. Valor agrees that designation of experts should be addressed after resolution of the pending motions to compel arbitration.

GoodLeap:  GoodLeap may designate an expert on the use, creation, and validation of electronic agreements. GoodLeap agrees that all other experts should be designated after the resolution of the pending motions to compel arbitration.

> 2. Limitations which the parties propose on the use or number of expert witnesses.

Plaintiff:  Mr. Hansen submits that experts should be limited to one expert per subject.

One Solar:  One Solar agrees that experts should be limited to one expert per subject.

Valor Roof and Solar: No objection.

GoodLeap: GoodLeap agrees that each party should be limited to one expert per subject.

> 3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____.
> *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

Plaintiff:  Mr. Hansen submits that the parties should disclose affirmative experts on or before May 26, 2023.

Defendants:  It is Defendants' position that case deadlines cannot be set until the Court

rules on Defendants' Motions to Compel Arbitration (Dkt. Nos. 10, 41, and 47) and, if necessary, Goodleap's Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel Arbitration (Dkt. No. 48) and One Solar's Motion to Stay Discovery or, In the Alternative, Permit Limited Discovery Only as to Contract Formation.

> 4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

Plaintiff: Mr. Hansen submits that the parties should disclose rebuttal experts on or before June 30, 2023.

Defendants: It is Defendants' position that case deadlines cannot be set until the Court rules on Defendants' Motions to Compel Arbitration (Dkt. Nos. 10, 41, and 47) and, if necessary, Goodleap's Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel Arbitration (Dkt. No. 48) and One Solar's Motion to Stay Discovery or, In the Alternative, Permit Limited Discovery Only as to Contract Formation.

> *[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

> e. Identification of Persons to Be Deposed:

Plaintiff:

Rule 30(b)(6) Designee of DocuSign, two hours.
Rule 30(b)(6) Designee of SignRequest, two hours.
Rule 30(b)(6) Designee of Valor, three hours.
Rule 30(b)(6) Designee of One Solar, three hours.
Rule 30(b)(6) Designee of GoodLeap, three hours.
LaRon Wallace, three hours.
Richard Wiener, two hours.

One Solar:

Rule 30(b)(6) Designee of DocuSign, two hours.
Rule 30(b)(6) Designee of SignRequest, two hours.
Rule 30(b)(6) Designee of Valor, three hours.
Rule 30(b)(6) Designee of One Solar, three hours.
Rule 30(b)(6) Designee of GoodLeap, three hours.
LaRon Wallace, three hours.
Richard Wiener, two hours.
Plaintiff Ken Hansen, three hours.
Beth Hansen, three hours.

Valor Roof and Solar:

Plaintiff Ken Hansen, three hours.
Beth Hansen, three hours.
Rule 30(b)(6) Designee of SignRequest, two hours.
Rule 30(b)(6) Designee of One Solar, three hours.
Rule 30(b)(6) Designee of GoodLeap, three hours.

GoodLeap:

This case should be litigated in the arbitral forum that Plaintiff and GoodLeap bargained for under the Loan Agreement. To the extent the Court permits any requests for production or requests for admission, they should be limited pursuant to the narrow discovery requested in GoodLeap's Alternative Motion for Leave to Take Discovery Towards its Motion to Compel Arbitration (ECF No. 48). To the extent that the parties take additional depositions as listed above, GoodLeap reserves the right to attend and participate in those depositions.

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

Defendants: It is Defendants' position that case deadlines cannot be set until the Court rules on Defendants' Motions to Compel Arbitration (Dkt. Nos. 10, 41, and 47) and, if necessary, Goodleap's Alternative Motion for Leave to Take Limited Discovery Towards its Motion to Compel Arbitration (Dkt. No. 48) and One Solar's to be filed Motion to Stay Discovery or, In the Alternative, Permit Limited Discovery Only as to Contract Formation.

b. Anticipated length of trial and whether trial is to the court or jury.

One Solar: One Solar anticipated a 7-day jury trial.

GoodLeap: This case should be litigated in the arbitral forum that Plaintiff and GoodLeap bargained for under the Loan Agreement. To the extent the court ultimately denies GoodLeap's pending Motion to Compel Arbitration (ECF No. 10), GoodLeap anticipates a 7-day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

At this time, there are no pretrial proceedings that the parties believe may be more efficiently or economically conducted in the District Court's facilities located in Colorado Springs or Grand Junction.

*[Determination of any such request will be made by the magistrate judge based on*

*the individual needs of the case and the availability of space and security resources.]*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:


_____
United States Magistrate Judge

APPROVED:


_____        _____
(Name)                                   (Name)
(Address)                                (Address)
(Telephone Number)                       (Telephone Number)

Attorney for Plaintiff (or Plaintiff, Pro Se)        Attorney for Defendant (or Defendant, Pro Se)
*[Please affix counsels' and any pro se party's signatures before submission of the final scheduling order to the court.]*

20912324_v5